# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:16-cv-106-FDW

| | |
|---|---|
| DEREK SHANE GOODSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| LT. FNU SHARP, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e) and § 1915A. (Doc. No. 1). On August 18, 2016, the Court entered an order waiving the initial filing fee and directing monthly payments to be made from Plaintiff's prison account. (Doc. No. 12). Thus, Plaintiff is proceeding in forma pauperis.

## I. BACKGROUND

Pro se Plaintiff Derek Goodson, a pre-trial detainee currently incarcerated at the Graham County Detention Center in Robbinsville, North Carolina, filed this action on April 20, 2016, pursuant to 42 U.S.C. § 1983, purporting to bring a claim against Defendants for deliberate indifference to serious medical needs while Plaintiff was incarcerated as a pretrial detainee at the Cherokee County Detention Center in Murphy, North Carolina. (Doc. No. 1 at 3-4). Plaintiff named the following persons as Defendants: (1) Lieutenant FNU Sharp, identified as an employee of the Cherokee County Detention Center; (2) Rebeca Gray, identified as a doctor at the Cherokee County Detention Center; (3) Misty LNU, identified as a nurse at the Cherokee County Detention Center; and (4) Captain Edward Cable, identified as an employee at the Graham County Detention Center. (Id. at 3). Plaintiff alleges that Defendants were deliberately

1

indifferent to his serious medical needs by refusing to give him a sufficient dose of pain medication to treat his foot pain.

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

## III. DISCUSSION

Claims under 42 U.S.C. § 1983 based on an alleged lack of or inappropriate medical treatment fall within the Eighth Amendment's prohibition against cruel and unusual punishment.[1] Estelle v. Gamble, 429 U.S. 97, 104 (1976). To state a claim under the Eighth

---

[1] Because Plaintiff was a pre-trial detainee at all relevant times, his deliberate indifference claim is properly brought under the Fourteenth Amendment, rather than the Eighth Amendment, but the analysis is the same. See City of Revere v. Mass. Gen. Hosp., 463 U.S. 239 (1983); but see Kingsley v. Hendrickson, 135 S. Ct. 2466, 2473, 2475 (2015) (holding that the test for excessive force claims brought by pretrial detainees under the Fourteenth Amendment differs from the test for excessive force claims brought by convicted prisoners under the Eighth Amendment).

Amendment, a plaintiff must show a "deliberate indifference to serious medical needs" of the inmate. Id. "Deliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care." Young v. City of Mt. Ranier, 238 F.3d 567, 575-76 (4th Cir. 2001) (citations omitted). "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990).

Allegations that might be sufficient to support negligence and medical malpractice claims do not, without more, rise to the level of a cognizable § 1983 claim. Estelle, 429 U.S. at 106; Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999) ("Deliberate indifference is a very high standard—a showing of mere negligence will not meet it."). To be found liable under the Eighth Amendment, a prison official must know of and consciously or intentionally disregard "an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994); Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998). "[E]ven if a prison doctor is mistaken or negligent in his diagnosis or treatment, no constitutional issue is raised absent evidence of abuse, intentional mistreatment, or denial of medical attention." Stokes v. Hurdle, 393 F. Supp. 757, 762 (D. Md. 1975), aff'd, 535 F.2d 1250 (4th Cir. 1976). The constitutional right is to medical care. No right exists to the type or scope of care desired by the individual prisoner. Id. at 763. Therefore, a disagreement "between an inmate and a physician over the inmate's proper medical care [does] not state a § 1983 claim unless exceptional circumstances are alleged." Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985) (dismissing the plaintiff's § 1983 claim against a defendant physician for allegedly discharging the plaintiff too early from a medical

3

clinic, as such claim did not rise to the level of deliberate indifference but would, "at most, constitute a claim of medical malpractice").

In support of his claim against Defendants, Plaintiff alleges:

> I was born with bi-lateral club feet and have had 22 [surgeries] on right foot, and have had 17 on left and placed me on Gabitpan [sic?] 3600 mg a day. And I have been getting that until medical staff Misty the CNA asked what my charges were then she related that to Doctor Gray and she cut it in half. I have been on that dose for 14 years.
> Captain Edward Cable told medical to give me my medication as I been getting them 1200 mg TID [sic?]. They even took me to a foot doctor and he ordered the jail to give them to me as he wrote for 1200 mg TID. They are making me suffer because of charges.
> And the Cherokee County Jail had opened this before I got it and took out application for me being indigent and have no money.

(Doc. No. 1 at 4). As relief, Plaintiff seeks the following: "To order this place to give me my Gabiptan [sic?] 1200 mg TID and to get me back to specialist to get me some relief from pain to stop refusing me that dose or even refusing to get me back to specialist and let another doctor be over my medical and prescribing my medication. This place keeps making sexual remark [sic] and threats because of charges and sexual orientation so please order this place to prescribe this dose and give me some financial relief and [compensation] for pain and suffering." (Id.).

Here, based on Plaintiff's allegations and the attached grievances, it appears that Plaintiff is complaining that Defendants have refused, out of malice and based on the unspecified criminal charges pending against him, to provide him with the dose of pain medication that his previous doctors have prescribed for him, thus leaving Plaintiff in severe pain.[2] The Court finds that,

---

[2] All of the Defendants except for Defendant Cable are alleged to be employees of the Cherokee County Detention Center, where Plaintiff was allegedly refused his necessary dose of pain medication. Defendant Cable, however, is alleged to be an employee of the Graham County Detention Center, and Plaintiff does not clearly indicate how Defendant Cable's conduct

assuming that Plaintiff's allegations are true, and drawing all reasonable inferences in his favor, Plaintiff's claim against Defendants for deliberate indifference to serious medical needs is not clearly frivolous. Thus, this action survives initial review. However, to the extent that Plaintiff seeks injunctive and/or declaratory relief, his claims are moot because he has been transferred away from the Cherokee County Detention Center.

## IV. CONCLUSION

For the reasons stated herein, the Court finds that Plaintiff has alleged a claim for deliberate indifference to serious medical needs sufficient to survive this Court's initial review as to Defendants.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint survives initial review under 28 U.S.C. § 1915(e) as to Defendants.

2. **IT IS FURTHER ORDERED THAT** the Clerk is directed to mail summons forms to Plaintiff for Plaintiff to fill out and return for service of process on Defendants. Once the Court receives the summons forms, the Clerk shall then direct the U.S. Marshal to effectuate service on Defendants.

_____
Frank D. Whitney
Chief United States District Judge

---

constituted deliberate indifference to Plaintiff's serious medical needs while he was incarcerated at the Cherokee County Detention Center. Nevertheless, the Court declines to dismiss Defendant Cable on initial review.